## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2015, 7:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Anthony Zapata
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Octavia Florence Snulligan
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Victoriano Medina-Noralez,

*Appellant-Respondent,*

v.

Sally Medina,

*Appellee-Petitioner.*

April 10, 2015

Court of Appeals Case No.
49A02-1312-DR-1042

Appeal from the Marion Superior
Court; The Honorable Burnett
Caudill, Magistrate;
49D03-1302-DR-6386

**May, Judge.**

[1] Victoriano Medina-Noralez appeals the court's distribution of marital assets pursuant to his divorce from Sally Medina. He asserts the court erred by dividing the marital assets unequally without explaining why unequal division was proper, and he asserts the court erred when it refused to certify the "verified statement of the evidence" he submitted pursuant to Indiana Appellate Rule 31(A).

[2] We reverse and remand.

## Facts and Procedural History

[3] Victoriano and Sally were married on December 23, 1995. They separated on February 20, 2013. Sally filed a petition for divorce. A final hearing was held on August 1, 2013, but was not audio recorded due to technical difficulties. The court entered a final decree of dissolution on November 19, 2013. That decree states, in relevant part:

> 6. The Petitioner/Wife shall have sole and exclusive ownership and possession of the marital residence at 11020 Springtree Place, Indianapolis, Indiana 46239 and pay all debts thereon and hold the Respondent/Husband harmless.
>
> 7. The Petitioner/Wife is to pay the Respondent/Husband $2,000 as his share of the equity in the marital residence.
>
> 8. The Petitioner/Wife is to pay all debts in her own name, and the Respondent/Husband is to pay any debts in his own name.
>
> 9. The Respondent shall have all personal property in his possession, the 2006 Hyundai, and all boxing equipment.

>    10. The Petitioner/Wife shall have all personal property in her possession except the boxing equipment, and the 2010 Scion.[1]
>
>    11. There were no evaluations submitted into evidence of any other assets of the parties.

(App. at 42 (footnote added).)

[4]     Victoriano wished to appeal that order. When he learned the final hearing had not been recorded, and thus no transcript could be prepared, he prepared and submitted a verified statement of the evidence pursuant to Ind. Appellate Rule 31. (*See id.* at 2.) The court initially granted Victoriano's motion to certify his statement, but then revoked that certification to permit Sally to file her verified statement of evidence. After Sally filed her statement, (*see id*. at 5), the Honorable Burnett Caudill, Magistrate, submitted an affidavit on June 13, 2014, stating:

>    1. Your affiant heard the above-referenced case on August 1, 2013, and a transcript cannot be provided due to a malfunction of the Court's recording equipment.
>    2. The testimony was elicited with the assistance of an interpreter for the Husband.
>    3. In addition to the certified statements of evidence submitted by the parties, your affiant, due to the paucity of evidence other than the testimony of the parties, recalls that values of the assets were not as specific as submitted.
>
>    It should be noted that the Court of Appeals order required certification by May 25, 2014, but the parties did not submit their

---

[1] Due to the imprecise wording of this decree, it is unclear whether Wife has, or does not have, the 2010 Scion. We request the trial court clarify this matter on remand.

statements of evidence to this Court for consideration until June 11 and June 12, 2014.[2]

(*Id*. at 1 (footnote added).)

# Discussion and Decision

## *1. Division of Assets*

Victoriano challenges the court's division of marital assets. We review a division of assets for an abuse of discretion, which occurs if the court's decision is against the logic and effect of the facts and circumstances before the court. *In re Marriage of Fisher*, 24 N.E.3d 429, 432 (Ind. Ct. App. 2014). The statute controlling division of marital property provides:

> The court shall presume that an equal division of the marital property between the parties is just and reasonable. However, this presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:
>
> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> > (A) before the marriage; or
> >
> > (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

---

[2] We note the file-stamped copies of the statements of evidence from Victoriano and Sally are dated February 28, 2014, and April 4, 2014, respectively. (*See* App. at 2, 5.)

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

Ind. Code § 31-15-7-5.

[6] Victoriano asserts the court's division of marital property was unequal. The court entered findings awarding Sally the marital residence and Victoriano $2,000.00 as his share of the equity in same but no value of the residence was given in the decree. (App. at 42.)

[7] If a court orders an unequal division of marital assets, the trial court "must consider *all* of the factors set out in IC § 31-15-7-5." *Wallace v. Wallace*, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999) (emphasis in original), *trans. denied*. Although a trial court's order is not required to be explicit, we must be able to infer the trial court's reasoning for the unequal division. *See Eye v. Eye*, 849 N.E.2d 698, 703 (Ind. Ct. App. 2006) (exclusion of factors from written findings is not a bar but reasoning must be inferable).

[8] Our review of the court's final order leaves us unable to determine whether the court intended its division of marital assets to be equal or unequal. The court's order neither includes an explicit statement of its intention nor values the marital assets in a way that permits us to calculate the percentage of the estate given to each party. Based on the fact the trial court did not give us any explanation of the reasoning behind the distribution of the assets, let alone how

that reasoning is supported by Ind. Code § 31-15-7-5, we must reverse and remand for the court to enter a more explicit order.[3] *See Bertholet v. Bertholet*, 725 N.E. 2d 487, 497 (Ind. Ct. App. 2000) (case remanded to trial court to determine value of marital business when valuation was indeterminable by review of the court order).

## *2. Appellate Rule 31*

[9] Victoriano asserts the trial court erred in not granting his Motion to Certify Verified Statement of the Evidence.[4] Indiana Appellate Rule 31 explains the proper procedure in the event the transcript of a hearing is unavailable:

> **A. Party's Statement of Evidence.** If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be attached to the motion.
>
> **B. Response.** Any party may file a verified response to the proposed statement of evidence within fifteen (15) days after service.
>
> **C. Certification by Trial Court or Administrative Agency.** Except as provided in Section D below, the trial court or Administrative

---

[3] Victoriano asserts the trial court erred in ruling no valuations were submitted into evidence. We note that while the trial court has discretion to ascertain values of property, *see Hiser v. Hiser,* 692 N.E.2d 925, 927 (Ind. Ct. App. 1998), we cannot rule on whether any abuse of discretion occurred because we do not know whether any values were in evidence.

[4] Victoriano claims his due process rights were infringed by this denial. Although there is a scarcity of information throughout this case, Victoriano was not denied due process. He had his day in court and due process does not include an absolute right to a transcript. *See Ruetz v. State*, 268 Ind. 42, 46, 373 N.E.2d 152, 155 (1978) (no denial of due process when following appellate rules providing for a substitution for transcription).

Agency shall, after a hearing, if necessary, certify a statement of the evidence, making any necessary modifications to statements proposed by the parties. The certified statement of the evidence shall become part of the Clerk's Record.

**D. Controversy Regarding Action of Trial Court Judge or Administrative Officer.** If the statements or conduct of the trial court judge or administrative officer are in controversy, and the trial court judge or administrative officer refuses to certify the moving party's statement of evidence, the trial court judge or administrative officer shall file an affidavit setting forth his or her recollection of the disputed statements or conduct. All verified statements of the evidence and affidavits shall become part of the Clerk's Record.

[10] Victoriano submitted his Statement of Evidence. Sally disagreed with his statement and filed one of her own. The trial court did not certify either Statement of Evidence. Pursuant to App. R. 31(C), the court could certify its own Statement of the Evidence rather than accept either party's statement of the evidence. Such a statement could include some but not all of the parties' statements. App. R. 31(C). This is not what the court did.

[11] The court submitted an affidavit affirming there was a controversy in the instant case regarding the evidence presented. On its face, this appears to be an attempt by the court to conform with App. R. 31(D). However, App. R. 31(D) does not apply here as the issue is not "the statement or conduct of the trial court judge" but rather what, if any, evidence was presented at trial. As such, the court should have filed a statement of evidence pursuant to App. R. 31(C). *See Whiting v. State,* 969 N.E.2d 24, 27 n.3 (Ind. 2012) (when court's actions are not at issue, App. R. 31(D) does not apply).

Under App. R. 31(C), the court "shall . . . certify a statement of the evidence, making any necessary modifications to statements proposed by the parties." The affidavit submitted does not provide a statement of the evidence. The affidavit submitted by Magistrate Caudill states that "due to a paucity of evidence other than the testimony of the parties, [the affiant] recalls that values of the assets were not as specific as submitted." (App. at 1.) The inadequacy of that statement from the court does not serve the purpose of App. R. 31(C) and does not permit us to review the validity of the findings in the court's final order.

## Conclusion

We reverse and remand for the trial court to issue a new final order and a certified Statement of the Evidence in accordance with this opinion. In the event the trial court cannot remember the basis for its ruling, or create such a certified statement, the court may need to conduct a new hearing that is recorded and enter a new final order based thereon.

Reversed and remanded.

Barnes, J., and Pyle, J., concur.